1  Lawrance A. Bohm (SBN: 208716)
   lbohm@bohmlaw.com
2  Donald R. Williams, Jr. (SBN: 303126)
   dwilliams@bohmlaw.com
3  **BOHM LAW GROUP, INC.**
4  4600 Northgate Boulevard, Suite 210
   Sacramento, California 95834
5  Telephone: 916.927.5574
   Facsimile: 916.927.2046
6

7  V. James DeSimone (SBN: 119668)
   vjdesimone@gmail.com
8  **V. JAMES DESIMONE LAW**
9  13160 Mindanao Way, Suite 280
   Marina Del Rey, California 90292
10 Telephone: 310.693.5561
   Facsimile: 916.827.2046
11

12 Attorneys for Plaintiff,
   SHERI GRAVES, Executor
13 and Individually

14
## UNITED STATES DISTRICT COURT

15
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  SHERI GRAVES, as Executor on Behalf of the Estate of Shaylene Graves; and Individually, | **PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES:** |
| 17 | |
| 18      Plaintiff, | **1. DEPRIVATION OF LIFE WITHOUT DUE PROCESS (VIOLATION OF 42 U.S.C. § 1983);** |
| 19      v. | **2. MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (VIOLATION OF 42 U.S.C. § 1983);** |
| 20  CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba CALIFORNIA INSTITUTION FOR WOMEN; KIMBERLY HUGHES; and DOES 1 through 10, inclusive, | |
| 21 | **3. INTERFERENCE WITH PARENT-CHILD RELATIONSHIP (VIOLATION OF U.S.C. § 1983);** |
| 22 | **4. NEGLIGENCE;** |
| 23 | **5. NEGLIGENT SUPERVISION;** |
| 24      Defendants. | **6. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 43;** |
| 25 | **7. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 (BANE ACT);** |
| 26 | **8. WRONGFUL DEATH (VIOLATION OF C.C.P. § 377.60).** |
| 27 | |
| 28 | **AND DEMAND FOR JURY TRIAL** |

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

1

**Pltf's Verified Complaint for Damages**                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*   V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                       Donald R. Williams, Jr., Esq.

Plaintiff Sheri Graves, mother of Decedent Shaylene Graves, individually, and in her capacity as the parent of Decedent Shaylene Graves, hereby respectfully submits this instant Complaint for Damages and Demand for Jury Trial, and alleges as follows based on information and belief.

## **PARTIES**

1.     Plaintiff Sheri Malinda Graves ("Plaintiff") was, at all times relevant to this action, the mother of Decedent Shaylene Antoinette Graves ("Graves"). Plaintiff brings this action in her individual capacity and in her capacity as the parent of Decedent Graves. Graves died on June 1, 2016 while in the California Institution for Women, which is operated by the State of California, specifically, the California Department of Corrections and Rehabilitation. At all times relevant to this action, Plaintiff was a resident of the County of Riverside, State of California, and Decedent Graves was a resident of the County of Riverside, State of California. At the time of her death, Graves was 27 years old.

2.     Defendant California Department Of Corrections And Rehabilitation dba California Institution For Women ("CIW") was, at all times relevant to this action, a state agency operating at 16756 Chino Corona Road, Corona, California 92880. CIW was, at all times relevant to this action, an employer as defined by California law, and a state agency, as defined in California Government Code section 900.6. According to the CIW's website, "The primary mission of the [CIW] is to provide **a safe and secure environment** for primarily Level I/III female offenders." However, CIW was deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

3.     Defendant Warden Kimberly Hughes ("Warden Hughes") was, at times relevant to this action, an employee of the CIW. Warden Hughes deliberately decided not to impose adequate discipline on her officers who committed killings, who committed other types of excessive force, and/or failed to prevent the killing

2

**Pltf's Verified Complaint for Damages**                                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*     V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                                    Donald R. Williams, Jr., Esq.

Bohm Law Group, Inc.
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834

and/or excessive force, creating a culture of impunity within the CIW that encourages such violence and incidents of unreasonable force against inmates. Warden Hughes was deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

4. This Civil Rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California State laws in connection with the death of Graves on June 1, 2016. Specifically, and most importantly, Defendants violated the Eighth Amendment to the United States Constitution, which prohibits "cruel and unusual punishment" against prison inmates. *Furman v. Georgia*, 408 U.S. 238 (1972).

5. Defendants CIW and DOES 1 through 5 ("DOE Officers") proximately caused Graves and Plaintiff's injuries by integrally participating, failing to intervene, and/or engaging in other acts and/or omissions around the time of Graves' death that resulted in Graves' death. CIW and DOE Officers are directly liable for Plaintiff's injuries under Federal law pursuant to 42 U.S.C. § 1983. DOE Officers were deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

6. Defendants CIW and DOES 6 through 10 also proximately caused Graves and Plaintiff's injuries, and are liable under State and Federal law and the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). CIW and DOES 6 through 10 were deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates, and deliberately chose not to provide a safe prison environment.

///
///
///

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

7.     The policies and customs behind the killing of inmates such as Graves are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks, by means of this Civil Rights action, to hold accountable those responsible for the killing of Graves and to challenge the CIW's unconstitutional policies and practices, this Civil Rights action is firmly in the public interest.

## JURISDICTION

8.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of State law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

9.     The incidents complained of herein occurred in Corona, California, at the CIW, in the County of Riverside. On June 1, 2016, at approximately 3:15 a.m., Defendants killed Graves, or Defendants allowed Graves to be killed, by deliberately creating a penal environment in which Graves was at great risk of physical harm or death.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     At all times herein mentioned, PLAINTIFF, parent of decedent GRAVES, was a resident of the State of California.

11.     At all times herein mentioned, decedent GRAVES was a resident of the County of Riverside and an inmate at the CIW.

12.     CIW is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California. At all relevant times, CIW was the employer of WARDEN HUGHES and DOES 1 through 10, who were either CIW officers, or managerial, supervisorial, and policymaking employees of CIW, and are sued in their individual capacities for damages only.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

4

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

13.     At all relevant times, WARDEN HUGHES and DOES 1 through 10 were duly authorized employees and agents of the CIW, who were acting under color of law within the course and scope of their respective duties as CIW employees and agents, and with the complete authority and ratification of their principal, CIW.

14.     In doing the acts, and failing and/or omitting to act, as hereinafter described, WARDEN HUGHES was, at all relevant times, the Warden that allowed the killing of GRAVES while employed by CIW. DOES 1 through 10 were each duly appointed, qualified and acting ranking officers, officials and employees of the CIW, also charged by law with the supervision, management, control, operation, and administration of the CIW. Each said Defendant was acting within the course and scope of their respective said employment and under the color of State law, and as the employee, agent and representative of each other Defendant.

15.     PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants designated as DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues said Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

16.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

17.     On November 17, 2016, PLAINTIFF timely filed a Claim for Damages with the State of California pursuant to applicable sections of the California Government Code. (Attached hereto as **Exhibit A**.)

///

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

5

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

18.     On December 2, 2016, PLAINTIFF's claims were rejected by the State of California. (Attached hereto as **Exhibit B**.)

<u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

19.     On or about June 1, 2016, at approximately 3:15 a.m. in Corona, California, inmate GRAVES was killed while serving her prison sentence at the California Department of Corrections and Rehabilitation dba California Institution for Women. PLAINTIFF, mother of GRAVES, hereby acts within the full capacity of her rights as the surviving mother of Decedent.

20.     GRAVES was born on July 18, 1988. GRAVES was the oldest of four (4) children with one (1) younger sister and two (2) younger brothers.

21.     From August 2003 to June 2006, GRAVES attended Etiwanda High School in Rancho Cucamonga, California. GRAVES did not obtain a high school diploma. Next, GRAVES attended Chassey Adult School in order to complete the remaining ten (10) credits needed to obtain her high school diploma.

22.     On or about July 10, 2007, GRAVES gave birth to her son, Artistlee Cole Harris.

23.     In or around May 2008, GRAVES was charged and adjudged, guilty of a crime, or crimes, in Riverside County. The Court sentenced GRAVES to six (6) years in prison. Additionally, San Bernardino County had an open warrant for GRAVES' arrest that was related to the same crime or crimes.

24.     GRAVES served her sentence at California Department of Corrections and Rehabilitation, Central California Women's Facility ("CCWF") in Chowchilla, California. While serving her sentence at CCWF, GRAVES communicated with her family multiple times per week, via telephone and received personal visits from her family approximately once (1) or twice (2) a month for the entire six (6) year sentence. GRAVES' conversations with her family were usually positive and uplifting.

///

**Pltf's Verified Complaint for Damages**                      Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*    V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                        Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

25. GRAVES carried that positive and uplifting spirit throughout her prison stay; she was well-liked by the prison employees as well as her fellow inmates. GRAVES made the most of her situation, earning her General Educational Development Certificate and developing a business plan to start a nonprofit organization called "Out of the Blue." Out of the Blue would showcase the talents of former inmates as well as provide empowerment coaching, classes, and speeches to former inmates to help them transition back into society.

26. Approximately six (6) weeks prior to her scheduled release from CCFW, GRAVES was charged and adjudged guilty of a crime, or crimes, in San Bernardino County. The Court sentenced GRAVES to an additional two (2) years in prison. After her release from CCFW, in or around August 2014, GRAVES was transferred to the San Bernardino County Jail in Rancho Cucamonga, California. Then, in or around November 2014, GRAVES was transferred back to CCFW.

27. In or around February 2015, GRAVES was transferred to CIW in Corona, California.

28. GRAVES was ready to connect with her son after missing out on the previous years of bonding time. GRAVES was also ready to execute her plans for her nonprofit organization. Anticipating release and, subsequently, being sentenced to prison for an additional two (2) years was difficult for GRAVES. However, just like her last prison sentence, GRAVES overcame the difficult realization that she would need to spend more time in prison and filled her heart with happiness and hope for her future after her release. GRAVES continued to be a shining light amongst her fellow inmates and prison employees and continued to work on her nonprofit organization with family and friends.

29. In or around February 2016, with the expected release date of July 27, 2016, GRAVES prepared for her release. GRAVES looked forward to seeing her son and planning of her nonprofit organization. GRAVES reached out to family, friends, and third parties in an effort to plan for her life taking care of her son and

7

Pltf's Verified Complaint for Damages                Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*   V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                              Donald R. Williams, Jr., Esq.

starting her organization. GRAVES made plans with her immediate family for her first day out, as she wanted to spend it with her family. GRAVES also took steps to get a job in order to support herself and her son. GRAVES was looking well into the future, with July 27, 2016 as her date, for a fresh start and new beginnings.

30. However, GRAVES' future was cut short by her untimely and wrongful death because of, among other things, the negligence and negligent supervision of CIW personnel.

31. On or about May 27, 2016, just two (2) months before GRAVES' release date, she was placed with a new cellmate in the Harrison unit of the prison.

32. On or about May 28, 2016, one of GRAVES' fellow inmates, and friends, overheard GRAVES' cellmate talking on the phone to her male friend about GRAVES. The inmate overheard GRAVES' cellmate state to the male friend, "I want to kill her!" GRAVES' cellmate's threats were also heard by other inmates in the vicinity at the time of her phone call.

33. On or about May 29, 2016, GRAVES requested to be moved to another cell (a bed change) because her cellmate had threatened to kill her and she feared for her life. GRAVES placed her request to be moved to another cell with her Unit Officer, Sergeant Brown. GRAVES conveyed to Sergeant Brown that her cellmate had threatened to kill her and she feared for her life. Sergeant Brown deliberately, and without regard for GRAVES' safety, denied GRAVES' request. Later that same day, GRAVES placed another request to the Miller Unit Officer, Lieutenant Whitmore. GRAVES told Lieutenant Whitmore that her cellmate had threatened to kill her and she feared for her life. Lieutenant Whitmore deliberately, and without regard for GRAVES' safety, denied GRAVES' request.

34. At the time of these requests, GRAVES' had already served approximately seven (7) years and ten (10) months of her eight (8) year sentence. GRAVES' had seen many things happen in the prison facilities, including threats, fights, and deaths. GRAVES genuinely felt like her life was in danger.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**Pltf's Verified Complaint for Damages**                          Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*        V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                            Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

35.     Upon information and belief, on or about May 29, 2016, while GRAVES was requesting a cell transfer (bed change), her cellmate was walking through the Harrison unit carrying a broom, looking for GRAVES. At this point several inmates overheard GRAVES' cellmate say, in reference to GRAVES, "I'm gonna kill this bitch! I'm gonna stab her!"

36.     Upon information and belief, on or about May 29, 2016, GRAVES' fellow inmates witnessed GRAVES being threatened by her cellmate.

37.     On or about the evening of May 30, 2016, GRAVES spoke to her mother, PLAINTIFF, on the phone. GRAVES told PLAINTIFF that she wanted money on her books to help pay for the upcoming barbeque sale. This sale was also a party for GRAVES, celebrating her upcoming birthday and release with her friends in the prison.

38.     This celebration was to occur on or about the July 4, 2016. Upon information and belief, GRAVES did not mention the threats on her life to PLAINTIFF because she did not want to alarm, worry, or frighten PLAINTIFF.

39.     On or about May 31, 2016, GRAVES told officers that she did not want to lockdown with her cellmate because her cellmate continued to threaten to kill her and she still feared for her life. The officers told GRAVES that she could go to the "solitary confinement-like" housing unit. GRAVES did not want to go to that unit because of the negative consequences associated with going there. Being housed in that unit, negatively impacts inmates' records which could delay their release dates. GRAVES did not want to go that route since she was being released soon.

40.     At or around 8:45 p.m., GRAVES participated in the lockdown with her cellmate. Almost immediately after the lockdown, nearby inmates could hear loud fighting and banging sounds coming from GRAVES' cell. Upon information and belief, the loud noises emanating from GRAVES' cell were heard for hours, and not one prison employee went to GRAVES' cell to investigate the cause of the

9

Pltf's Verified Complaint for Damages                          Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*      V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                          Donald R. Williams, Jr., Esq.

noise. All of a sudden, the noise stopped and there was silence. The inmates nearby could see GRAVES' cellmate pacing back and forth in the cell. Then, GRAVES' cellmate knocked on the door to call for help saying, "she isn't breathing."

41.    On or about June 1, 2016, Emergency Medical Technicians arrived to GRAVES' cell and tended to her. The inmates could see GRAVES' body. The inmates noticed that GRAVES body was already blue and stiff-looking.

42.    At approximately 3:15 a.m., on or about June 1, 2016, GRAVES was declared deceased.

43.    Upon information and belief, CIW guards went around telling inmates and others that GRAVES committed suicide. However, inmates and some CIW employees did not believe GRAVES committed suicide. The investigation into the cause of GRAVES' death is still ongoing.

## FIRST CAUSE OF ACTION

### Deprivation of Life Without Due Process; Violation of 42 U.S.C. section 1983 (Against All Defendants)

45.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendants acted under color of State law within the course and scope of its duties as a correction and rehabilitation facility when it and/or its agents wrongfully killed GRAVES through deliberate indifference to known threats to her health and safety. GRAVES was unarmed and posed no imminent threat of danger to Defendants or anyone else.

47.    PLAINTIFF has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution, to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her relationship with her daughter, GRAVES.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

10

**Pltf's Verified Complaint for Damages**                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*          V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                         Donald R. Williams, Jr., Esq.

48.    As a result of Defendants and its agents failure to properly supervise employees and/or detainees and failure to investigate threats of great bodily harm and/or deadly force against GRAVES while acting under color of state law, Defendants and its agents caused and/or failed to prevent the death of GRAVES thereby depriving her of her life without due process of law. GRAVES communicated specific, plausible threats to her health and safety which were deliberately ignored by supervisory personnel of Defendants. Defendants' actions also caused GRAVES extreme pain and suffering, loss of life, earning capacity and her relationship with her child, family, and friends. PLAINTIFF has thereby been deprived of her constitutional right of a familial relationship with her daughter.

49.    Defendants and its agents, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and Defendants and its agents acted with deliberate indifference to PLAINTIFF's constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

50.    As a legal result of their conduct, Defendants are liable for GRAVES' injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

51.    The claim against Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, is based upon PLAINTIFF's allegations that Defendants' policies, practices or customs were a cause of the injuries suffered by GRAVES and PLAINTIFF herein, and as set forth above.

52.    As a direct and legal result of Defendants' acts and omissions, PLAINTIFF suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of GRAVES' love, affection, society, support, and companionship.

///

11

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

53.     PLAINTIFF is informed and believes and thereon alleges that the acts of the individual defendants were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of PLAINTIFF's rights, welfare and safety of those of her daughter, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

54.     PLAINTIFF brings this claim as the mother of GRAVES and also seeks attorneys' fees under this claim.

## SECOND CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom, Practice, or Policy;**

**Violation of 42 U.S.C. section 1983**

**(Against all Defendants)**

55.     PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to June 1, 2016 (and continuing to the present date), Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, acting with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF and GRAVES, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.      the failure to properly assess and/or supervise the detainees and/or inmates and the use force or deadly force against GRAVES;

///
///
///
///

Bohm Law Group, Inc.
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834

12

**Pltf's Verified Complaint for Damages**                                      Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*        V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                      Donald R. Williams, Jr., Esq.

b. the negligent tactics and handling of the situation with GRAVES, including improper supervision of detainees and failure to investigate complaints/reports of threats of great bodily harm or deadly force;

c. the failure to provide proper medical care and not take actions to worsen or exacerbate GRAVES;

d. the deliberate refusal to place GRAVES in a safe penal environment after specific threats of bodily harm and death were communicated to supervisory personnel of the prison;

e. the placement of GRAVES in a cell with a cell-mate who presented a foreseeable risk of severe bodily harm and death to GRAVES;

f. the failure to properly train, supervise and discipline employees, including the individual Defendants; and

g. the failure to provide timely medical assistance to GRAVES.

57. By reason of the aforementioned policies and practices of Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, GRAVES was severely injured and subjected to pain and suffering and lost her life.

58. Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of GRAVES, PLAINTIFF, and other individuals similarly situated.

///

///

///

13

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

59.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, DOES 1 through 10, acted with intentional, reckless, and callous disregard for the life of GRAVES and for GRAVES' and PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10 were affirmatively linked to and were a significantly influential force behind the injuries of GRAVES and PLAINTIFF.

60.     The actions of each of Defendants, DOES 1 through 10, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants, DOES 1 through 10.

61.     By reason of the aforementioned acts and omissions of Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, PLAINTIFF has suffered loss of love, companionship, affection, comfort, care, society, and future support.

62.     Accordingly, Defendants, CIW, WARDEN HUGHES, and DOES 1 through 10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

63.     PLAINTIFF brings this claim as the mother of GRAVES and also seeks attorneys' fees under this claim.

## THIRD CAUSE OF ACTION

**Interference with Parent-Child Relationship; Violation of U.S.C. section 1983**
**(Against All Defendants)**

64.     PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

///

**Pltf's Verified Complaint for Damages**                                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*   V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                          Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

65.     By wrongfully killing GRAVES, by killing her while she was incarcerated and unarmed, Defendants deprived PLAINTIFF of her Fourteenth Amendment right to a familial relationship with GRAVES. Defendants acted with deliberate indifference to PLAINTIFF's rights and/or their unlawful conduct shocks the conscience.

66.     Defendants' interference with the parent-child relationship caused GRAVES extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived PLAINTIFF of the love, companionship, support, society, care, and sustenance of her daughter, and she will continue to be so deprived for the remainder of her life.

67.     As a result of their conduct, Defendants are liable for GRAVES' injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

68.     The claim against Defendants CIW, WARDEN HUGHES, and DOES 1 through 10 is based upon PLAINTIFF's allegations that the CIW's policies, practices or customs were a cause of the injuries suffered by GRAVES and PLAINTIFF herein, as set forth above.

69.     As a direct and legal result of Defendants' acts and omissions, PLAINTIFF suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of her daughter's love, affection, society, support, and companionship.

70.     PLAINTIFF is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFF's rights, welfare and safety and those of her daughter, justify the awarding of punitive

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

15

**Pltf's Verified Complaint for Damages**                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*     V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                              Donald R. Williams, Jr., Esq.

1   and exemplary damages in an amount to be determined at time of trial.

2       71.    PLAINTIFF brings this claim as successor-in-interest to GRAVES,

3   and seeks both survival and wrongful death damages under Federal law for the

4   violation of GRAVES' rights. PLAINTIFF also seeks attorneys' fees under this

5   claim.

6                          **FOURTH CAUSE OF ACTION**

7                                 **Negligence**

8                           **(Against All Defendants)**

9       72.    PLAINTIFF repeats and re-alleges each and every allegation in the

10  above paragraphs of this Complaint with the same force and effect as if fully set

11  forth herein.

12      73.    Defendants owed a duty of care toward GRAVES and were required

13  to use reasonable diligence to ensure that GRAVES was not harmed by Defendants'

14  acts or omissions. Defendants' actions and omissions were negligent and reckless,

15  including but not limited to:

16      a.    the failure to properly assess and/or supervise the employees and/or

17            detainees and the use force or deadly force against GRAVES;

18      b.    the deliberately indifferent tactics and handling of the situation with

19            GRAVES, including improper supervision of employees and/or

20            detainees and failure to investigate complaints/reports of threats of

21            great bodily harm or deadly force;

22      c.    the deliberate refusal to place GRAVES in a safe penal environment

23            after specific threats of bodily harm and death were communicated to

24            supervisory personnel of the prison;

25      d.    the placement of GRAVES in a cell with a cell-mate who presented a

26            foreseeable risk of severe bodily harm and death to GRAVES;

27      e.    the failure to provide proper medical care and not take actions to

28            worsen or exacerbate GRAVES;

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

16

**Pltf's Verified Complaint for Damages**                        Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*      V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                          Donald R. Williams, Jr., Esq.

f.     the failure to properly train, supervise and discipline employees, including the individual Defendants;

g.     the failure to provide timely medical assistance to GRAVES; and

h.     the negligent hiring, retention and assignment of its employees, including the individual defendants.

74.    Defendants' conduct caused GRAVES, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived PLAINTIFF of the love, companionship, support, society, care, and sustenance of her daughter and she will continue to be so deprived for the remainder of her life.

75.    In addition, at the aforementioned date, time and place, the Defendants negligently, carelessly and without reasonable care, failed to properly supervise employees and/or detainees and failed to investigate threats of great bodily harm and/or deadly force against GRAVES and deliberately refused to take appropriate responsive action.

76.    As a result of their conduct, Defendants are liable for GRAVES' injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

77.    Defendant CIW is vicariously liable under California Government Code section 815.2 for the acts of its employees Defendants Does 1 through 10, committed in the course and scope of their employment with the CIW.

78.    PLAINTIFF brings this claim as the mother of GRAVES and also seeks attorneys' fees under this claim.

///
///
///
///

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

17

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

## FIFTH CAUSE OF ACTION

### Negligent Supervision

### (Against All Defendants)

79.     PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.     Under California law, an employer can be held liable to a third person, PLAINTIFF, for negligently supervising an employee(s).

81.     Defendants owed a duty of care toward PLAINTIFF with their actions directly taken towards GRAVES, as well as being required to use reasonable diligence to ensure that GRAVES was not harmed by Defendants' employee(s) and/or detainees and Defendants' acts or omissions. Defendants' employee(s) and/or detainees and Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.     the failure to properly assess and/or supervise the detainees and/or inmates and the use of force or deadly force against GRAVES;

b.     the negligent tactics and handling of the situation with GRAVES, including improper supervision of detainees and failure to investigate complaints/reports of threats of great bodily harm or deadly force;

c.     the deliberate refusal to place GRAVES in a safe penal environment after specific threats of bodily harm and death were communicated to supervisory personnel of the prison;

d.     the placement of GRAVES in a cell with a cell-mate who presented a foreseeable risk of severe bodily harm and death to GRAVES;

e.     the failure to provide proper medical care and not take actions to worsen or exacerbate GRAVES;

f.     the failure to properly train, supervise and discipline employees, including the individual Defendants;

18

**Pltf's Verified Complaint for Damages**                      Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*     V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                         Donald R. Williams, Jr., Esq.

g.  the failure to provide timely medical assistance to GRAVES; and

h.  the negligent hiring, retention and assignment of its employees, including the individual defendants.

82.  Defendants' conduct caused GRAVES, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived PLAINTIFF of the love, companionship, support, society, care, and sustenance of her daughter and she will continue to be so deprived for the remainder of her life.

83.  In addition, at the aforementioned date, time and place, the Defendants negligently, carelessly and without reasonable care, failed to properly supervise employees and/or detainees and failed to investigate threats of great bodily harm and/or deadly force against GRAVES and deliberately refused to take responsive or corrective action.

84.  As a result of their conduct, Defendants are liable for GRAVES' injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

85.  Defendant CIW is vicariously liable under California Government Code section 815.2 for the acts of its employees Defendants Does 1 through 10, committed in the course and scope of their employment with the CIW.

86.  PLAINTIFF brings this claim as the mother of GRAVES and also seeks attorneys' fees under this claim.

## SIXTH CAUSE OF ACTION

### Violation of California Civil Code section 43

### (Against All Defendants)

87.  PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

88.     California Civil Code section 43 provides: "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to her personal relations."

89.     As alleged herein, and in violation of California Civil Code section 43, Defendants CIW, WARDEN HUGHES, and DOES 1 through 5 failed to provide GRAVES the right of protection from violence and bodily harm by failing to intervene and stop the killing of GRAVES. Defendants CIW, WARDEN HUGHES, and DOES 6 through 10's refusal to take accountability for the Defendants' officers' actions violates the law because Defendant DOES 1 through 5 were employees, and were acting during the course and scope of employment when they failed to intervene and stop the killing of GRAVES.

90.     PLAINTIFF is informed and believes, and thereon alleges, that by Defendants' tolerating and sanctioning Defendants' officers' actions (or inactions) and disregard of department policies and procedures, it was violative of section 43 of the California Civil Code.

91.     By the aforesaid acts and omissions of defendants, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

92.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer without limitation loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of her daughter's love, affection, society, support, and companionship for the remainder of her life.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

20

**Pltf's Verified Complaint for Damages**                    Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*   V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                       Donald R. Williams, Jr., Esq.

93.    As a direct and proximate cause of the aforementioned acts of Defendants', PLAINTIFF was injured as set forth above, and is entitled to damages.

## SEVENTH CAUSE OF ACTION

### Bane Act; Violation of California Civil Code section 52.1

### (Against All Defendants)

94.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95.    As alleged herein, Defendants interfered by threats, intimidation, or coercion with GRAVES' rights under State and Federal laws and under State and Federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code section 43, California Penal Code sections 149, 240, and 242, and her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and her rights under Article 1, sections 1, 7 and/or 13 of the California Constitution.

96.    Defendants' conduct caused GRAVES extreme pain and suffering, and loss of life, earning capacity and her relationship with her child, parents, family and friends. Defendants' actions also deprived PLAINTIFF of her daughter's love, companionship, support, society, care, and she will continue to be so deprived for the remainder of her life.

97.    As a result of their conduct, Defendants are liable for GRAVES' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

98.    As a direct and legal result of Defendants' acts and omissions, PLAINTIFF suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

21

**Pltf's Verified Complaint for Damages**                          Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*    V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                                        Donald R. Williams, Jr., Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

1  sickness, emotional distress, medical expenses, funeral and burial expenses,

2  attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss

3  of GRAVES' love, affection, society and companionship.

4  99.   PLAINTIFF is informed and believes and thereon alleges that the acts

5  of the individual Defendants were willful, malicious, intentional, oppressive,

6  reckless and/or were done in willful and conscious disregard of the rights, welfare

7  and safety of PLAINTIFF, thereby justifying the awarding of punitive and

8  exemplary damages in an amount to be determined at time of trial.

9  100.  PLAINTIFF brings this claim as successor-in-interest to GRAVES,

10  and seeks both survival and wrongful death damages under State law. PLAINTIFF

11  also seeks reasonable attorneys' fees under this claim.

## EIGHTH CAUSE OF ACTION

### Wrongful Death;

### Violation of California Code of Civil Procedure section 377.60

### (Against All Defendants)

16  101.  PLAINTIFF repeats and re-alleges each and every allegation in the

17  above paragraphs of this Complaint with the same force and effect as if fully set

18  forth herein.

19  102.  Defendants DOES 1 through 5 killed GRAVES despite the absence of

20  an imminent threat of death or physical injury to themselves or others. GRAVES

21  posed no threat to the officer's safety or to the safety of others. Because GRAVES

22  died while being unmarried, her mother GRAVES is the proper person to sue for

23  her wrongful death under California state law.

24  103.  PLAINTIFF asserts wrongful death actions against all Defendants

25  pursuant to California Code of Civil Procedure section 377.60, *et seq.* Per California

26  Probate Code section 6402, subdivision (b), PLAINTIFF is, "…The issue of the

27  decedent…" This claim is based upon the fact that Defendants' negligent, reckless,

28  deliberately indifferent, and wrongful acts and omissions, as alleged herein, were a

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

1  direct and legal cause of GRAVES' death and the resulting damages to

2  PLAINTIFF. As a result of their conduct, Defendants are liable for PLAINTIFF's

3  injuries, either because they were integral participants in the wrongful conduct, or

4  because they failed to intervene to prevent these violations.

5      104.   The Civil Rights violations alleged herein, as well as Defendants' other

6  tortious acts and omissions, and negligence under California Civil Code section

7  1714, form the basis for this cause of action.

8      105.   PLAINTIFF is informed and believes and thereon alleges that the acts

9  of the individual Defendants were willful, malicious, intentional, oppressive,

10  reckless and/or were done in willful and conscious disregard of PLAINTIFF's

11  rights, welfare and safety and those of her daughter, justifying the awarding of

12  punitive and exemplary damages in an amount to be determined at time of trial.

13      106.   As a direct and legal result of Defendants' acts and omissions,

14  PLAINTIFF suffered damages, including, without limitation, loss of earnings and

15  earning capacity, support and benefits, loss of enjoyment of life, pain and suffering,

16  physical injuries and sickness, emotional distress, medical expenses, funeral and

17  burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet

18  ascertained and the loss of her daughter's love, affection, society and

19  companionship.

20      107.   PLAINTIFF seeks both survival and wrongful death damages and all

21  other damages and remedies available under State law.

## **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff demands judgment against Defendants, and each of

24  them, as follows:

25      1.   For General Damages according to proof;

26      2.   For Special Damages according to proof;

27      3.   For Punitive Damages as provided by law, in an amount to be proved

28          against each individual Defendant (not including CIW);

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**Pltf's Verified Complaint for Damages**
*Sheri Graves v. CDCR dba California Institution for Women*
Case No.: 5:17-cv-01086                    Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Donald R. Williams, Jr., Esq.

1      4.     For Attorneys' Fees and costs of suit;

2      5.     For such other and further relief as the Court may deem proper; and

3      6.     For such other and further relief as the Court may deem just, proper,

4           and appropriate.

Date: May 31, 2017           By:    */s/ Donald R. Williams, Jr.*

                     LAWRANCE A. BOHM, ESQ.
                     V. JAMES DESIMONE, ESQ.
                     DONALD R. WILLIAMS, JR., ESQ.

                     Attorneys for Plaintiff,
                     SHERI GRAVES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury for this matter.

Date: May 31, 2017           By:    */s/ Donald R. Williams, Jr.*

                     LAWRANCE A. BOHM, ESQ.
                     V. JAMES DESIMONE, ESQ.
                     DONALD R. WILLIAMS, JR., ESQ.

                     Attorneys for Plaintiff,
                     SHERI GRAVES

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**Pltf's Verified Complaint for Damages**       Lawrance A. Bohm, Esq.
*Sheri Graves v. CDCR dba California Institution for Women*     V. James DeSimone, Esq.
Case No.: 5:17-cv-01086                 Donald R. Williams, Jr., Esq.

**<u>VERIFICATION OF COMPLAINT FOR DAMAGES</u>**

I, SHERI GRAVES, have read the attached Complaint for Damages and hereby attest that the same is true of my own knowledge, except as to those matters, which are therein stated on my information or belief, and as to those matter that I believe it to be true.

I declare under penalty of perjury under to the laws of the State of California that the foregoing is true and correct.

This Verification was executed on this *May 31, 2017*, in Jurupa Valley, CA 91752.

_____
SHERI GRAVES

VERIFICATION OF COMPLAINT FOR DAMAGES