XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General
DEBORAH B. WADLEIGH
Deputy Attorney General
State Bar No. 239550
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6021
  Fax:  (213) 897-2810
  E-mail:  Deborah.Wadleigh@doj.ca.gov
*Attorneys for Defendants*
*K. Hughes and California Department of*
*Corrections and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **SHERI GRAVES, an individual; A.C.H. a minor, by and through his guardian ad litem,**<br><br>                          Plaintiffs,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba CALIFORNIA INSTITUTION FOR WOMEN; KIMBERLY HUGHES; LA KENYA E. WHITMORE; CONG L. TANG; DOE BROWN; and DOES 1 through 10, inclusive,**<br><br>                          Defendants. | 5:17-cv-01086-JGB-SP<br><br>**DEFENDANTS' OPPOSITION TO PETITION FOR THE APPOINTMENT OF GUARDIAN AD LITEM**<br><br>Courtroom: 1<br>Judge:      Jesus G. Bernal<br><br>Action Filed: 5/31/2017 |

Defendants CDCR and Hughes[1], submit the following Memorandum of Points and Authorities in Opposition to the Petition for the appointment of Plaintiff Sheri Graves as the guardian ad litem of her minor grandson, A.C.H.

---

[1] This Opposition is not made on behalf of Defendants Whitmore, Tang, or Brown as they have not yet been served.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This action arises from the death of Shaylene Graves (the "Decedent") on June 1, 2016 while she was an inmate at the California Institution for Women ("CIW"). The Decedent's eight-year prison sentence began in May 2008. (ECF No. 61 at 2.) The Decedent's son, A.C.H., was ten months old when the Decedent was incarcerated. (ECF No. 1-1 at 7 (identifying date of birth as July 10, 2007).) At all relevant times, A.C.H. lived in Austin, Texas with his father, William Harris. (ECF No. 61 at 4, ¶ 2; ECF No. 62 at ¶ 9.)

On November 17, 2016, counsel for the Decedent's mother, Sheri Graves ("Plaintiff Graves") submitted a government claim related to the Decedent's death on her own behalf and on behalf of A.C.H., even though Plaintiff Graves was not A.C.H.'s guardian. (ECF No. 1-1 at 4-11; ECF No. 61 at 4, ¶ 2.) On May 31, 2017, Plaintiff Graves filed this action without including A.C.H. as a plaintiff or as a nominal defendant.[2] (ECF No. 1.) In both the original and First Amended Complaint ("FAC"), Plaintiff Graves brought nine claims on her own behalf and as the alleged successor-in-interest to the Decedent's survivor claims, even though both Complaints acknowledged that the Decedent had a son. (ECF Nos. 1, 30; ECF No. 30 at ¶¶ 122, 129.) On May 16, 2018, Defendants filed a Motion to Dismiss the FAC, partially on the grounds that Plaintiff Graves lacked standing to bring the wrongful death and survivor claims because A.C.H. was the successor-in-interest for those claims. (ECF No. 54.)

On August 13, 2018, counsel for Plaintiff Graves filed a Second Amended Complaint adding A.C.H. as a Plaintiff and bringing eight of the nine claims on either his individual behalf or on his behalf as the successor-in-interest to the

---

[2] "An heir named as a defendant in a wrongful death action is, in reality, a plaintiff." *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997).

Decedent's survivor claims, along with a Petition for the Appointment of Plaintiff Graves as the guardian ad litem of A.C.H. (ECF Nos. 61, 62.)

The Petition does not include any information regarding the relationship between A.C.H., who lives in Texas, and the Decedent's mother, Plaintiff Graves, who lives in Riverside, California. (ECF No. 61 at 4, ¶¶ 1-2.) According to the Declarations attached to the Petition, A.C.H.'s father "was not interested in pursuing the case on behalf of the minor A.C.H." (ECF No. 62-3 at ¶ 5.)

Although Defendants agree that A.C.H. is a necessary party to this action, the Petition does not satisfactorily establish that: (1) Plaintiff's father, Mr. Harris, consents to the inclusion of A.C.H. as a plaintiff in this case; (2) that Plaintiff's father has been given notice of Plaintiff Graves' Petition to be Appointed A.C.H.'s guardian ad litem; and (3) that Plaintiff Graves is qualified to be A.C.H.'s guardian ad litem. For these reasons, Defendants respectfully oppose Plaintiff's Petition for the appointment of Plaintiff Graves as A.C.H.'s guardian ad litem.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17 (c)(2). In addition, a court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." *Id*. The Ninth Circuit explained that Rule 17(c) "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.60 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). A guardian ad litem is not a party to the action, but is the party's representative and an officer of the court. Cal. Civ. Proc. Code § 372(a). A guardian ad litem's role is limited to protecting the child's interest in the litigation under the close supervision of the judge. *Id; Williams v. Sup. Ct.*, 147 Cal. App. 4th 36, 50 (2007). When considering the appropriate guardian ad litem for a minor plaintiff in a civil suit, the central issues

1 is the appropriate protection of the minor's legal right to recover damages or other
2 requested relief. *Id.*

## ARGUMENT

### I. THE PETITION DOES NOT ESTABLISH THAT A.C.H.'S FATHER CONSENTS TO A.C.H. BEING A PLAINTIFF IN THIS ACTION.

Defendants agree that A.C.H. is a necessary party to this action. However, Mr. Harris has the right to determine if and when A.C.H. should bring a civil lawsuit, and the Petition does not establish his consent to include A.C.H. as a plaintiff in this action. *Williams v. Sup. Ct.*, 147 Cal. App. 4th 36, 52 (2007) (the court has "no quarrel with the proposition that 'parents have the right to determine if and when their child should bring a civil lawsuit.'").

In *Aronson v. Sup. Ct.*, 191 Cal. App. 3d 294 (1987), when assessing whether the statute of limitations was tolled because the minor's parents refused to timely bring a medical malpractice action on their child's behalf, the Court held, "the parents, not the courts, make decisions for the minor." *Id.* at 299. "Nor is a court in any event well situated to judge the wisdom of the parental choice to sue or not to sue. We are not inclined to hold as a matter of law that a lawsuit is always the best use of family resources and energy. Nor are we inclined, or authorized, to take over the decisions relative to the care of minors." *Id.*

Here, the Petition and accompanying declarations do not clearly establish that Mr. Harris consented to his son being named a plaintiff in this case. According to the Declarations, counsel for Plaintiff Graves made several attempts to contact Mr. Harris to have him join the case as A.C.H.'s guardian ad litem. (ECF No. 62-2, 62-3.) Mr. Harris declined to speak with Plaintiff Graves' attorney, Mr. DeSimone (ECF No. 62-2 at 2, ¶5), and advised Mr. Williams, former counsel for Plaintiff Graves, that "an attorney did not represent him and he was not interested in pursuing the case on behalf of the minor A.C.H." (ECF No. 62-3 at 2, ¶ 5.) According to Mr. Williams' declaration, he is "informed and believe that [Mr.

1 Harris] declined to take any action to preserve his son's rights." (ECF No. 62-3 at
2 2, ¶ 7.)
3     Based on these declarations, it is not clear that Mr. Harris consents to A.C.H.'s
4 involvement in this litigation.³ The SAC does not allege that the Decedent was
5 involved in A.C.H.'s childhood during her incarceration. The SAC pleads that the
6 Decedent was "ready to connect with her son, Plaintiff A.C.H. after missing out on
7 the previous years of bonding time." (ECF No. 61 at 9, ¶ 32.) Thus, it is possible,
8 that Mr. Harris believes it is in A.C.H.'s best interest *not* to pursue this litigation.
9 Because Mr. Harris has a right to determine if pursuing this litigation is in A.C.H.'s
10 best interest, and the Petition does not confirm his agreement or assent that A.C.H.
11 be a plaintiff in this action, the Petition should be denied.

12 **II. THE PETITION FAILS TO ESTABLISH THAT MR. HARRIS WAS PROVIDED NOTICE AND AN OPPORTUNITY TO OBJECT TO THE APPOINTMENT OF PLAINTIFF GRAVES AS A.C.H.'S GUARDIAN AD LITEM.**
13

14     California courts have held that "to the extent practicable, courts should ensure
15 a custodial parent has been notified when a nonparent applies to serve as a guardian
16 ad litem for minors" to allow the parent to seek his own guardian ad litem and/or to
17 object to the proposed guardian ad litem and/or the lawsuit itself. (*Williams*, 147
18 Cal. App. 4th at 55.) The instant Petition does not establish that Mr. Harris has
19 been notified that A.C.H.'s maternal grandmother, Plaintiff Graves, has applied to
20 serve as the guardian ad litem. Rather, the Petition provides a double hearsay
21 statement in Mr. DeSimone's declaration that he is informed that Plaintiff Graves
22 spoke with Mr. Harris and that Mr. Harris told Plaintiff Graves that "he does not
23 object to her appointment as Guardian ad Litem." (ECF No. 62-2 at ¶ 3.) This
24 double hearsay statement contained in Mr. DeSimone's declaration is not sufficient
25
26
27     ³ As will be discussed in detail below, the double hearsay statement included in Mr. DeSimone's declaration that Plaintiff Graves told him that Mr. Harris told her that he did not object to her appointment as A.C.H.'s Guardian ad Litem is not
28 sufficient to show consent and notice. Fed. R. Evid. 802.

5

to establish that Mr. Harris has no objection to the appointment of Plaintiff Graves as his son's guardian ad litem. Fed. R. Evid. 802.

Because the Petition does not provide admissible evidence that Mr. Harris consents to his son's inclusion in this case as a plaintiff, and that Mr. Harris has been given notice and an opportunity to object to Plaintiff Graves' appointment as A.C.H.'s guardian ad litem, the Petition should be denied.

### III. THE PETITION DOES NOT SUFFICIENTLY ESTABLISH PLAINTIFF GRAVE'S QUALIFICATIONS TO BE A.C.H.'S GUARDIAN AD LITEM.

State law generally determines an individual's capacity to represent a minor in federal court. Fed. R. Civ. P. 17(b)(3). Under California law, in determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *Williams v. Sup. Ct.*, 147 Cal. App. 4th 36, 46-47 (2007). "Significant case law developed in the context of litigation by a next friend or guardian ad litem, requires the person appointed to 'be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.'" *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053-54 (E.D. Cal. 2015) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)); *Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153 (9th Cir. 2002).[4] "This rule comports with the conclusion of several courts that a guardian ad litem must not face an impermissible conflict of interest with the ward. Courts also take comfort in a candidate's 'experience, objectivity, and expertise,' or previous relationship with the ward." (citations omitted). *AT&T Mobility, LLC*, 143 F. Supp. 3d at 1054.

Although a significant relationship with the real party in interest is not a necessary prerequisite for guardian ad litem status, the existence of a significant

---

[4] "Most case law on this issue is decided in the habeas corpus context. *See, e.g. Coal of Clergy,* 310 F.3d 1153. Nevertheless, courts appear to apply the same test for the appointment of next friend in habeas and non-habeas cases. *See, e.g. Hoang Minh Tran v. Gore*, No. 10-2457, 2013 WL 692089, at *3 (S.D. Cal. Feb. 25, 2013) (applying *Whitmore* in a non-habeas case); *Nichols v. Nichols*, 2011 WL 2470135, as *2-3 (same)." *AT&T Mobility,* 143 F. Supp. 3d at 1054, n.4.

relationship enhances the suitability of the guardian ad litem. *Coal v. Clergy,* 310 F.3d 1153, 1162 (9th Cir. 2002). The burden is on the putative next friend to clearly establish the propriety of his or her status. *Whitmore,* 495 U.S. at 164. Here, the Petition provides no information regarding the relationship between Plaintiff Graves and A.C.H., other than that Plaintiff Graves is A.C.H.'s maternal grandmother. However, being his grandmother, without more, does not establish that Plaintiff Graves is the appropriate guardian ad litem for A.C.H. A guardian ad litem must make "tactical and even fundamental decisions affecting the litigation," and he or she must make those decisions "always with the interest of the guardian's charge in mind" and may not "compromise fundamental rights . . . without some countervailing and significant benefit." *Williams v. Sup. Ct.*, 147 Cal. App. 4th at 47. Here, without more information regarding the relationship between A.C.H. and Plaintiff Graves, the Petition does not provide the Court with sufficient information to establish that Plaintiff Graves will be able to make these decisions with A.C.H.'s best interest in mind.

     Moreover, both Plaintiff Graves and A.C.H. are named plaintiffs in this action. At some point in the litigation, A.C.H. and Plaintiff Graves may have divergent interests. Courts have denied petitions based on similar grounds. *Reed v. City of Modesto*, No. 1:11-cv-0183 AWI GSA, 2013 WL 1759611, at * 2 (E.D. Cal. Apr. 24, 2013) (petition for appointing father as guardian ad litem denied without prejudice to address potential conflict); *cf Cortes v. Kern County Superintendent of Schools*, No. 1:18-cv-0909-LJO-JLT, 2018 WL 3965372, at * 3 (E.D. Cal. August 16, 2018) (approving parent as guardian ad litem because claims are only asserted on her behalf); *Burns v. U.S.,* No. 12-cv-2957-DMS (MDD) 2015 WL 12564299, at * 5-6 and n.8 (S.D. Cal. May 13, 2015) (requiring a further inquiry before approving settlement because the parents also received a monetary recovery as part of the settlement). It may be difficult for Plaintiff Graves to remain objective

concerning what is in A.C.H.'s best interest, when she also has a personal stake in this case.

## CONCLUSION

For the foregoing reasons, Defendants request that the Petition for Appointment of Sheri Graves as the Guardian ad Litem of A.C.H. be denied.

Dated: August 27, 2018 

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General


*/s/ Deborah B. Wadleigh*
DEBORAH B. WADLEIGH
Deputy Attorney General
*Attorneys for Defendants K. Hughes and California Department of Corrections and Rehabilitation*

LA2017605321
53049918.docx

# CERTIFICATE OF SERVICE

Case Name: **Sheri Graves, et al. v. California Department of Corrections and Rehabilitation, et al.**   No.   **5:17-cv-01086-JGB-SP**

I hereby certify that on **August 27, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PETITION FOR THE APPOINTMENT OF GUARDIAN AD LITEM**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 27, 2018**, at Los Angeles, California.

| K. Hynds | */s/ K. Hynds* |
|---|---|
| Declarant | Signature |

LA2017605321
53051913.docx