1  ROB BONTA
   Attorney General of California
2  R. LAWRENCE BRAGG
   Supervising Deputy Attorney General
3  ALICE M. SEGAL
   Deputy Attorney General
4  ARTHUR B. MARK III
   Deputy Attorney General
5  State Bar No. 220865
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 210-7345
     Fax:  (916) 324-5205
8    E-mail:  Arthur.Mark@doj.ca.gov
   *Attorneys for Defendants*
9  *S. Brown[1] and L. Whitmore*

10             IN THE UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14

15  **SHERI GRAVES, an Individual;**           5:17-cv-01086-JGB-SP
    **A.C.H. a minor, by and through his**
16  **guardian ad litem; Plaintiffs ,**        **DEFENDANTS BROWN AND**
                                               **WHITMORE'S ANSWER TO**
17                          Plaintiff,         **PLAINTIFF'S EIGHTH**
                                               **AMENDED COMPLAINT;**
18          **v.**                             **DEMAND FOR JURY TRIAL**

19  **LA KENYA E. WHITMORE; CONG**             Judge:        The Honorable Jesus G.
    **L. TANG; DOE BROWN; and DOES**                         Bernal
20  **1 through 10, inclusive ,**              Trial Date:   February 1, 2022
                                               Action Filed: 5/31/2017
21                         Defendants.

22

23       Defendants Brown and Whitmore ("Defendants") answer Plaintiffs' Eighth

24  Amended Complaint (ECF No. 159), filed April 6, 2021, as follows:

25       1.    In response to the section of the complaint entitled "Case Overview"

26  (ECF No. 159 at 2-3), Defendants admit that Shaylene Graves ("Decedent").

27  passed away on or about June 1, 2016, while serving a prison sentence at the

28  _____
          [1] Also named as "Doe" Brown.

                              1

California Institution for Women ("CIW").  Defendants deny they were deliberately indifferent to inmates' risk of harm or that they deliberately chose not to provide a safe prison environment.  Defendants lack sufficient knowledge or information to admit or deny whether "several inmates overheard [Decedent's] cellmate saying, "I'm gonna kill this bitch!  I'm gonna stab her!'" and on that basis they deny that allegation.  Defendants deny that Decedent made any requests to them to transfer to another cell.  Defendants deny that they failed to respond to Decedent's request for transfer to a new cell.  Defendants lack sufficient knowledge or information to admit or deny whether "numerous inmates heard [Decedent's] cries for help and violent assault occurring in her cell," and on that basis they deny that allegation.  Defendants lack sufficient knowledge or information regarding Decedent's prison sentence or expected release date to admit or deny those allegations, and on that basis they deny them.  Defendants deny Plaintiffs' allegations that they denied transfer from unsafe and violent environments or that they denied inmates the ability to receive mental health counseling.  Defendants deny all remaining material allegations in this section of the complaint.

2.     In response to the section of the complaint entitled "Parties and Jurisdiction" (ECF No. 159 at ¶¶ 1-12), Defendants respond as follows:

a.     Defendant Whitmore admits that at all times relevant to this action, she was employed by the California Department of Corrections and Rehabilitation ("CDCR") as a Correctional Lieutenant at CIW.  Defendant denies she was an agent and/or employee of each and every other Defendant as alleged and that she was aware of, consented to, approved of or ratified the actions alleged in the complaint of any other Defendant.

b.     Defendant Brown admits that at all times relevant to this action, she was employed by CDCR as a Correctional Sergeant at CIW.  Defendant denies she was an agent and/or employee of each and every other Defendant as alleged and

1  that she was aware of, consented to, approved of or ratified the actions alleged in
2  the complaint of any other Defendant.

3       c.     Defendants lack sufficient knowledge or information to admit or
4  deny allegations concerning other persons, and on that basis, they deny those
5  allegations.

6       d.     Defendants admit that this Court has jurisdiction over Plaintiffs'
7  claims and that venue is proper in this district.

8       e.     Defendants deny they violated Plaintiffs' rights as alleged, or in any
9  manner, deny they were deliberately indifferent to Graves's safety as alleged, and
10  deny they acted with "deliberate indifference" or that they "deliberately created a
11  penal environment in which Graves was at great risk of physical harm or death."
12  Defendants further deny that they "were on notice of the specific threat to Graves
13  life and were deliberately indifferent to the risks." Defendants deny they were
14  responsible for or in any way caused Graves's death and deny that there was a
15  deprivation of rights under color of state law.

16       f.     Except as expressly admitted, Defendants deny all remaining
17  allegations in this section.

18       3.     In response to the section of the complaint entitled "Allegations Common
19  to All Causes of Action" (ECF No. 159 at ¶¶ 13-36), Defendants respond as
20  follows:

21       a.     Defendants lack sufficient knowledge or information to admit or
22  deny the allegations in paragraphs 13-15, and on that basis they deny those
23  allegations.

24       b.     In response to paragraph 16, Defendants admit that Decedent was an
25  inmate at CIW in San Bernardino County at all times relevant to the complaint.

26       c.     In response to paragraph 17, Defendants admit that CDCR is a
27  public entity and employed Defendants Brown and Whitmore.  Defendants lack

28

1  sufficient knowledge or information to admit or deny the allegations regarding

2  other Defendants, and on that basis they deny those allegations.

3      d.    In response to paragraph 18, Defendants admit that at all relevant

4  times to the complaint, they were qualified officers and employees of CDCR acting

5  within the course and scope of their employment with CDCR and under the color of

6  state law.  Defendants deny that any deprivation of rights took place under color of

7  state law and all remaining allegations in this paragraph, with the exception of the

8  portions stricken per the parties' stipulation (ECF No. 161).

9      e.    In response to paragraphs 19, Defendants contend that these

10  allegations are irrelevant to the present action.  Defendants lack sufficient

11  knowledge or information to admit or deny the factual allegations in this paragraph,

12  and on that basis they deny them.  Defendants deny they "condone violence"

13  among inmates at CIW, that it was "violent" at CIW and that staff did not intervene

14  to assist inmates or stop fighting.

15      f.    In response to paragraphs 21-32[2], Defendants admit that the

16  California State Auditor released an audit in August 2017 concerning CDCR's

17  policies, procedures, and practices for suicide prevention and reduction, with a

18  particular emphasis on the elevated suicide rate at CIW.  Defendants deny that this

19  audit contained any information material to Plaintiffs' complaint or their claims.

20  Defendants admit that they were generally aware of the possibility of violence

21  between inmates taking place at CIW, but deny that they had any awareness of a

22  threat of violence toward Decedent at or before the time of her death.  Defendants

23  deny that they lacked adequate training in protecting inmates from violence, suicide

24  prevention or unnecessary risks of harm and deny that they failed to assure that

25  staff under their supervision were adequately trained at or before the time of

26  Decedent's death.  Defendants lack sufficient knowledge or information to admit or

27

28  _____
   [2] Pursuant to the stipulation of the parties, ECF 160, Paragraphs 20, and 26-27 have been stricken.  Accordingly, no response is made to those paragraphs.

deny any of the remaining allegations in these paragraphs, and on that basis, they deny them.

g.      In response to paragraph 33, Defendants lack sufficient knowledge or information regarding the identity or actions of fictitiously-named Defendants to admit or deny the allegations in this paragraph, and on that basis, they deny those allegations.

h.      In response to paragraph 34, Defendants deny that they had the legal duty to oversee or supervise the conduct or employment of any other Defendant. Defendants further deny that they acted as the agent of any other named Defendant in performing any acts relevant to the complaint.

i.      In response to paragraphs 35-36, Defendants admit that Plaintiffs filed a claim for damages with the State of California, and that their claim was rejected.

4.      In response to the section of the complaint entitled "Facts Common to All Causes of Action" (ECF No. 159 at ¶¶ 37-83), Defendants respond as follows:

a.      In response to paragraph 37, Defendants admit that Decedent passed away on or about the morning of June 1, 2016 at CIW.  Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and, on that basis, they deny them.

b.      In response to paragraphs 38-40, Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

c.      In response to paragraphs 41-46, Defendants admit Shaylene Graves was found guilty of felony crimes in Riverside County and sentenced to prison and served time at both CIW and the Central California Women's Facility (CCWF). Defendants further admit that Shaylene Graves was transferred to CIW in February 2015.  Defendants lack sufficient knowledge or information to admit or deny any

1    remaining allegations in these paragraphs, and on that basis they deny all remaining

2    allegations in those paragraphs.

3          d.    Responding to paragraph 47, Defendants, on information and belief,

4    admit Graves' file notes a scheduled release date of July 27, 2016, but lack

5    sufficient information or deny to admit whether Graves would have been released

6    that day.  Defendants deny Graves' death was "untimely and wrongful."

7    Defendants further deny that they "fail[ed] to respond to Graves' request for a

8    transfer to a new cell and a new cellmate."  Defendants' contend Graves never

9    made any such request to them.  Defendants also deny: (1) that they "fail[ed] to

10    ensure a safe and secure environment;" (2) that they were negligent or negligently

11    supervised unidentified CDCR personnel; (3) that they were deliberately indifferent

12    to inmate Graves' health and safety; and (4) that they "were on specific notice of"

13    any threat to Graves' from her cellmate.  Defendants deny that their actions or

14    inactions contributed in any way to Graves' death on June 1, 2016.  Defendants

15    lack sufficient knowledge or information to admit or deny any remaining

16    allegations in this paragraph and, on that basis, deny all remaining allegations.

17          e.    Responding to paragraph 48, Defendants lack sufficient information

18    or knowledge to admit or deny the allegations of this paragraph and, on that basis,

19    deny them.

20          f.    Responding to paragraph 49, Defendants, on information and belief,

21    admit Graves and inmate Davis became cell mates, but deny this placement

22    occurred on May 27, 2016.

23          g.    Responding to paragraph 50, Defendants lack sufficient

24    information or knowledge to admit or deny the allegations of this paragraph and, on

25    that basis, deny them.

26          h.    Defendants deny all allegations in paragraphs 51 and 52.

27

28

i.     Defendants lack sufficient knowledge or information to admit or deny any allegations in paragraphs 53-55, and on that basis they deny all allegations in those paragraphs.

j.     In response to paragraph 56, Defendants admit Shaylene Graves spoke to her mother on the evening of May 30, 2016 and that she did not mention any threats to her life to her mother and aver there were no such threats. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

k.     In response to paragraph 57, Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph and, on that basis, deny them.

l.     Defendants deny the allegations of Paragraphs 58 and 59.

m.     In response to paragraphs 60-62, Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

n.     Responding to Paragraph 63, Defendants lack sufficient information or knowledge to admit or deny the allegations regarding Preciado.  Defendant Whitmore denies the allegations that "Graves went to Whitmore again and asked for a bed move [and] Whitmore rejected the request."  Defendant Whitmore lacks sufficient information or knowledge to admit or deny the allegations regarding Defendant Brown and, on that basis, denies them.  Defendant Brown denies the allegations that "Graves went to the Miller housing Unit and again spoke with Brown and asked for a bed move.  Brown again rejected the move."  Defendant Brown lacks sufficient information or knowledge to admit or deny the allegations regarding Defendant Whitmore and, on that basis, denies them.

j.     Responding to paragraphs 64-72 Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

1      k.      Responding to paragraphs 73-74, Defendants admit emergency

2  medical technicians arrived to the prison on June 1, 2016 and that Graves was

3  declared deceased on that day.  Defendants lack sufficient information or

4  knowledge to admit or deny the remaining allegations of these paragraphs and, on

5  that basis, deny them.

6      l.      Responding to paragraphs 75-79, Defendants lack sufficient

7  information or knowledge to admit or deny the allegations of these paragraphs and,

8  on that basis, deny them.

9      m.      Responding to paragraph 80, Defendants, deny the allegations of

10  this paragraph.

11      n.      Responding to paragraph 81, Defendants lack sufficient information

12  or knowledge to admit or deny the allegations of this paragraph as phrased and, on

13  that basis, deny them.

14      o.      Responding to paragraph 82[3], Defendants deny the allegations of

15  this paragraph.

16  5.      Defendants respond to paragraphs 84-99 ("First Cause of Action") as

17  follows and deny they violated Plaintiffs' rights as alleged or in any manner:

18      a.      Responding to paragraph 84, Defendants incorporate their previous

19  responses to paragraphs 1-82 by reference.

20      b.      Responding to paragraphs 85-86, Defendants lack sufficient

21  information or knowledge to admit or deny the allegations of these paragraphs and,

22  on that basis, deny them.

23      c.      Responding to paragraph 87, Defendants deny the allegations of this

24  paragraph.

25

26

27  _____

28      [3] Paragraph 83 has been stricken by Court order, ECF No. 161, thus no
response is required.

8

1        d.     Responding to paragraph 88, and all subparts, Defendants deny all
2    allegations of this paragraph and deny they violated Plaintiff's rights in the manner
3    alleged or in any manner.
4        e.     Responding to paragraph 89, Defendants deny the allegations of this
5    paragraph.
6        f.      Responding to paragraphs 90-92, Defendants deny the allegations
7    of these paragraphs.
8        g.     Responding to paragraphs 93-99, Defendants the allegations of
9    these paragraphs and deny they violated Plaintiffs' rights in the manner alleged, or
10    in any manner.  Defendants further deny that Plaintiffs are entitled to the relief
11    requested or to any relief whatsoever.
12        6.    Defendants respond to paragraphs 100-113 ("Second Cause of Action")
13    as follows and deny they violated Plaintiffs' rights as alleged or in any manner:
14        a.     Responding to paragraph 100, Defendants incorporate their previous
15    responses to paragraphs 1-99 by reference.
16        b.     Responding to paragraphs 101-102, Defendants lack sufficient
17    information or knowledge to admit or deny the allegations of these paragraphs and,
18    on that basis, deny them.
19        c.     Responding to paragraph 103, Defendants deny the allegations of
20    this paragraph.
21        d.     Responding to paragraph 104, and all subparts, Defendants deny the
22    allegations of this paragraph and deny they violated Plaintiff's right in the manner
23    alleged or in any manner.
24        e.     Responding to paragraph 105-113, Defendants deny all allegations
25    of these paragraphs, including subparts, and deny they violated Plaintiff's rights in
26    the manner alleged or in any manner.  Defendants further deny that Plaintiffs are
27    entitled to the relief requested or to any relief whatsoever.
28

7.   Defendants respond to paragraphs 114-125 ("Third Cause of Action") as follows and deny they violated Plaintiffs' rights as alleged or in any manner:

a.   Responding to paragraph 114, Defendants incorporate their previous responses to paragraphs 1-113 by reference.

b.   Responding to paragraphs 115-117, Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

c.   Responding to paragraphs 118-125, Defendants deny all allegations of these paragraphs and deny that they violated Plaintiffs' rights in the manner alleged or in any manner.  Defendants further deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

8.   Defendants respond to paragraphs 126-135, entitled "Fourth Cause of Action," as follows.  Defendants deny that they violated Plaintiffs' rights in the manner alleged or in any manner.

a.   Responding to paragraph 126, Defendants incorporate their previous responses to paragraphs 1-125 by reference.

b.   Responding to paragraphs 127-129 Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

c.   Responding to paragraph 130, Defendants deny they violated any duty of care owed to Graves and deny all remaining allegations of this paragraph.

d.   Responding to paragraph 131, and all subparts, Defendants deny tey were negligent and deny all allegations of this paragraph.  Defendants deny that they violated Plaintiffs' rights in the manner alleged or in any manner.

e.   Responding to paragraphs 132-135, Defendants deny all allegations of these paragraphs and deny they violated Plaintiffs' rights in the manner alleged or in any manner.  Defendants further deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

9.    Defendants respond to paragraphs 136-143, entitled "Fifth Cause of Action," as follows.  Defendants deny that they violated Plaintiffs' rights in the manner alleged or in any manner.

a.    Responding to paragraph 136, Defendants incorporate their previous responses to paragraphs 1-135 by reference.

b.    Responding to paragraphs 137-138, Defendants lack sufficient information or knowledge to admit or deny the allegations of these paragraphs and, on that basis, deny them.

c.    Responding to paragraph 139, Defendants the allegations of this paragraph, deny they "threatened Graves with solitary confinement if they moved her from the dangerous cell with a much larger and life-threatening inmate who communicated specific threats to Graves' life."  Defendants further deny they interfered with Plaintiffs' rights by threats, intimidation or coercion as alleged, or at all.

d.    Responding to paragraphs 140-143, Defendants deny the allegations of these paragraphs, and deny that they violated Plaintiffs' rights in the manner alleged or in any manner.  Defendants further deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

10.    In response to the section of the complaint entitled "Prayer for Relief" (ECF No. 159 at 33), Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

11.    With respect to the exhibits attached to the complaint, Defendants lack sufficient knowledge or information to admit or deny the authenticity or content of those exhibits, and on that basis, they deny the authenticity and content of those exhibits.

12.    Except as expressly admitted above, Defendants deny each and every material allegation in Plaintiffs' Eighth Amended Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

Defendants Brown and Whitmore acted at all times as reasonable correctional officials, and their actions during the relevant time alleged in Plaintiffs' complaint did not violate clearly established law.  Accordingly, Defendants are entitled to qualified immunity from Plaintiffs' or federal constitutional claims.

**SECOND AFFIRMATIVE DEFENSE**
**(Causation/Comparative Fault/Contributory Negligence)**

To the extent that Plaintiffs or Decedent suffered injury from the allegations in their Eighth Amended Complaint, such injuries were fully or partly their own fault or the fault of others, or the result of other causes, aside from the Defendants. To the extent that Decedent contributed to her injuries, Plaintiffs' or Decedent's claims are limited by the doctrines of contributory negligence or comparative fault. Any harm suffered by Plaintiffs, which is denied, was the direct or proximate cause of Plaintiffs' or Decedent's own conduct or the conduct of others and not of any wrongful conduct on the part of Defendants.

**THIRD AFFIRMATIVE DEFENSE**
**(Good Faith; No Malicious Intent or Deliberate Indifference)**

Plaintiffs' claims are barred because Defendants' actions were at all times performed in a good-faith effort to comply with established law, including, but not limited to, California statutes and California Department of Corrections and Rehabilitations regulations, policies, and procedures.  Defendants are immune from liability because they acted in good faith and entertained an honest, reasonable belief the actions were necessary.  Defendants assert that they did not act with malicious intent or deliberate indifference to deprive any person of any constitutional right or to cause injury, and therefore are not liable.  To the extent that Plaintiffs fail to make any showing of malice or recklessness on the part of Defendants Brown or Whitmore,

they are barred from seeking punitive damages against Defendants.

### FOURTH AFFIRMATIVE DEFENSE
#### (Mitigation)

To the extent Plaintiffs failed to take reasonable actions to mitigate their damages, if any such damages occurred, any recovery against the Defendants must be reduced by the amount of damage that Plaintiffs could have prevented through the exercise of reasonable diligence.

Because the complaint is couched in conclusory terms, Defendants cannot anticipate all affirmative defenses that may become applicable. On that basis, Defendants reserve the right to add additional affirmative defenses as necessary.

### DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that this matter be tried before a jury.

### PRAYER FOR RELIEF

Defendants pray for judgment as follows:

1.    That judgment is entered in favor of Defendants;

2.    That Plaintiffs take nothing by this action;

3.    That Defendants be awarded costs of suit and attorney's fees; and

4.    That Defendants be awarded such other relief as this Court deems proper.

1    Dated:  May 11, 2021                              Respectfully submitted,

2                                                      ROB BONTA
                                                       Attorney General of California
3                                                      R. LAWRENCE BRAGG
                                                       Supervising Deputy Attorney General
4                                                      ALICE M. SEGAL
                                                       Deputy Attorney General
5

6                                                      */s/ Arthur B. Mark III*
7                                                      ARTHUR B. MARK III
                                                       Deputy Attorney General
8                                                      *Attorneys for Defendants*
                                                       *S. Brown and L. Whitmore*
9    LA2017605321
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

## CERTIFICATE OF SERVICE

Case Name: **Graves, Sheri, as Executor on Behalf of the Estate of Shaylene Graves; and Individually v. California Department of Corrections And Rehabilitation, et al**

No.   **5:17-cv-01086-JGB-SP**

I hereby certify that on <u>May 11, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

➢ **DEFENDANTS BROWN AND WHITMORE'S ANSWER TO PLAINTIFF'S EIGHTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 11, 2021</u>, at Sacramento, California.

| P. Pimentel | */s/ P. Pimentel* |
|:---:|:---:|
| Declarant | Signature |

LA2017605321
35088297.docx