Lawrance A. Bohm (SBN: 208716)
lbohm@bohmlaw.com
Ryann E. Hall (SBN: 306080)
rhall@bohmlaw.com
**BOHM LAW GROUP, INC.**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: 866.920.1292
Facsimile: 916.927.2046
Email: BLG000248@bohmlaw.com

V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880

Attorneys for Plaintiff, SHERI GRAVES, Executor and Individually

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GRAVES, an Individual; A.C.H. a minor, by and through his guardian ad litem;<br><br>　　Plaintiff,<br><br>　　v.<br><br>LA KENYA E. WHITMORE; CONG L. TANG, DOE BROWN; and DOES 1 through 50, inclusive,<br><br>　　Defendants. | Case No.: 5:17-cv-01086-JGB-SP<br><br>*Assigned to Honorable Jesus G. Bernal for All Purposes; Courtroom 1*<br><br>**PLAINTIFF'S PETITION FOR ORDER APPROVING COMPROMISE OF MINOR'S CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 10, 2022<br>Time: 9:00 a.m.<br><br>Action Filed: May 31, 2017 |

i

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

**TO THE HONORABLE COURT:**

Plaintiff, A.C.H., by and through his Guardian ad Litem, Robert Clemons, hereby petitions the Court for an Order approving the compromise agreement reached by the parties.

Plaintiff has noticed the hearing on the petition for January 10, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard.

The grounds for the petition are set forth in Memorandum of Points and Authorities and Declarations.

Plaintiff bases his petition on the memorandum, declarations, exhibits and all pleadings and papers filed herein, and on such further matters as the Court deems necessary.

Date: December 10, 2021            By: _____
                                   LAWRANCE A. BOHM, ESQ.
                                   V. JAMES DESIMONE, ESQ.
                                   RYANN E. HALL, ESQ.

                                   Attorneys for Plaintiff,
                                   SHERI GRAVES

ii

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs move the Court to approve the compromise of their claims in exchange for Defendants' payment of $3,500,000.00, with the mother of the decedent Shaylene Graves, Sheri Graves receiving one half and the minor child, ACH receiving one half. After Attorneys fees and costs, Minor ACH would receive $1,040,000.00, which will increase based on the structured settlement which will be utilized on his behalf. The contemplated amount is reasonable in light of the nature of the loss balanced with the complexities and risks in litigating a prison wrongful death case. The settlement here is on the upper end of those awarded to other minors who allege they suffered the loss of a parent attributable to law enforcement. Furthermore, Plaintiffs have litigated this case vigorously and competently, complied with the procedural requirements of the California Rule of Court and therefore request this Court approve the amount of requested attorneys' fees. Accordingly, Plaintiffs respectfully request this Court grant the Petition and issue an Order approving compromise of the minor's claim.

## II. RELEVANT BACKGROUND

On May 31, 2017, Plaintiffs filed a lawsuit alleging violation of 42 USC Section 1983 based on the failure to protect in violation of the Eighth Amendment, improper conditions of confinement in violation of the Eighth Amendment, Interference with Parent-Child Relationship in violation of 42 U.S.C. § 1983, Wrongful death, and violation of California Civil Code Section 52.1 (the Bane Act) (Dkt. 1).

Plaintiffs allege that Officers at the California Institution for Women violated the United States Constitution and California Law when they failed to take reasonable measures to provide for the safety of Shaylene Graves. (Dkt. 159.) Officers were aware of threats made by her cell mate and Graves' request to move cells yet did nothing to protect her, resulting in Graves' cell mate murdering her

1

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**            Lawrance A. Bohm, Esq.
*Graves v. CDCR dba California Institution for Women, et al.*            V. James DeSimone, Esq.
Case No.: 5:17-cv-01086-JGB-SP            Ryann E. Hall, Esq.

Bohm Law Group, Inc.
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834

during lockdown in the cell. (Dkt. 159). Defendant Officers failed to protect Shaylene Graves from a substantial risk of serious harm. (Dkt. 159). The simple action of granting Shaylene's request for a bed move or separating her from Davis in response to clear threats of bodily harm and actual violence would have saved Graves' life. (Dkt. 159). By not taking such measures, Defendants' callousness caused Shaylene's death and have caused ACH to live his life without his mother. (Dkt. 159). Graves was murdered just six weeks prior to her scheduled release from prison. (Dkt. 159).

Graves' child, ACH, was born on July 10, 2007. Graves was sentenced to her prison term in May 2008. Shaylene was initially incarcerated at Chowchilla, which was 300-mile drive from home. (Dkt. 159). Despite the distance, from 2008-2014, Sheri Graves and ACH would visit Shaylene once a month and spend 11:00 a.m.-2:00 p.m. together playing games and talking. (Graves Dec. ¶ 4). ACH moved to Texas with his father in 2014. (Graves Dec. ¶ 4). ACH's father declined to participate in the lawsuit. (DeSimone Dec. ¶ 15). Graves' son was her world and she had every intention of being a part of his life. (Graves Dec. ¶ 8). Through ACH's uncle and appointed Guardian Ad Litem, Robert Clemons, plaintiffs have preserved his legal rights and have set up a thoughtful and beneficial structured settlement providing payments over time as more fully described below.

After engaging in discovery, including depositions, as well as mediation, the parties executed a written settlement agreement on September 20, 2021. (DeSimone Dec. ¶ 28; attached hereto as Exhibit A is a true and correct copy of the settlement agreement). The settlement also includes certain non-monetary terms consistent with Sheri Graves efforts to use the circumstances of her daughter's murder to enhance the safety of women in prison in California.

The proposed net recovery for ACH is $1,040,000.00. Petitioner requests that the court order the purchase of an annuity from MetLife Assignment Company, Inc. for the minor which will yield a total payout of $1,243,000.00 to be

2

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

paid on the dates listed below in the following amounts:

1. Period Certain Annuity- $30,000.00 payable semi-annually, guaranteed for 4 year(s) beginning on 7/10/2025, with last guaranteed payment on 01/10/2029
2. Period Certain Annuity- $1,500.00 payable monthly, guaranteed for 4 year(s) and 1 month(s), beginning on 07/10/2029, with last guaranteed payment on 07/10/2033
3. Period Certain Annuity- $2,000.00 payable monthly, guaranteed for 4 year(s) and 1 month(s), beginning on 07/10/2029, with last guaranteed payment on 07/10/2033
4. Guaranteed Lump Sum- $50,000.00 paid as a lump sum on 7/10/2029 guaranteed.
5. Guaranteed Lump Sum- $50,000.00 paid as a lump sum on 7/10/2031 guaranteed.
6. Guaranteed Lump Sum- $100,000.00 paid as a lump sum on 7/10/2033 guaranteed.
7. Guaranteed Lump Sum- $635,000.00 paid as a lump sum on 7/10/2035 guaranteed.

Exhibit B, Attachment to Petition Approving Minors Compromise

## III.  LEGAL ARGUMENT

### a. THE NET AMOUNT DISTRIBUTED TO ACH IS REASONABLE

The Ninth Circuit has instructed that in cases involving the settlement of a minor's claim, courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value

3

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-1182 (9th Cir. 2011).

The settlement is reasonable in light of the facts of the case. Pursuant to applicable law, ACH is entitled to wrongful death damages, loss of life damages, survivor damages, and pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014); Code of Civil Procedure 377.61. Based on the uncertainty of Graves' potential financial support due to her being incarcerated at the time of her death, the entirety of the recoverable damages are noneconomic. *Id*. Although Graves was in prison at the time of her death, she loved her son and intended to be a part of his life anyway she could, despite the fact that ACH moved to Texas with his father and a new family. (Graves Dec. ¶ 8). The settlement in reasonable in light of the loss of love and companionship and the realistic difficulties in prevailing on a case where the decedent was incarcerated at the time of death.

The settlement is reasonable as it compares to recovery in similar cases. The settlement here approximates those amounts awarded to other minors who suffered the loss of a parent attributable to law enforcement.

In *Hagan v. California Forensic Med. Grp.*, No. 2:07-CV-1095 LKK AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013), report and recommendation adopted, No. 2:07-CV-1095 LKK AC, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013), the court approved a net settlement amount of $15,000 distributed to a minor in the form of an annuity, where the minor Plaintiff alleged that his father, while incarcerated at Butte County Jail, was denied medication he needed to treat his asthma, was later transferred to the High Desert State Prison, where he was inadequately treated by medical staff, and was eventually flown, although far too late, to a hospital, where he died. *Id*. at *1.

Far less recovery has been approved as reasonable in similar cases. *See E.S.*

4

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

*v. City of Visalia*, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving a minor's compromise for net payment of $130,444.83 in action involving the shooting and killing of minor's father); *Armstrong v. Dossey*, 2013 WL 4676541 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors' claims for their father's death for $22,500 and $11,000 respectively); *Doe ex rel. Scott v. Gill*, Nos. C 11–4759 CW, C 11–5009 CW, C 11–5083 CW, 2012 WL 1939612 (N.D.Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a § 1983 case involving the shooting and killing of plaintiff's mother by police officers); *Swayzer v. City of San Jose*, No. C10–03119 HRL, 2011 WL 3471217 (N.D.Cal. Aug.5, 2011) (approving minor's compromise for net amount of $2,054.17 in a § 1983 case involving the alleged wrongful death of plaintiff's father during his arrest); *see also Estate of Lopez v. Fresno Community Hosp.*, No. 1:07cv0752 AWI DLB, 2010 WL 502704 (E.D.Cal. Feb.8, 2010) (approving minor's compromise for net amount of $16,601.92 in case involving death of plaintiff's mother); *De Aguilar v. Northern Railroad Passenger Corp.* ("Amtrak"), No. 1:02–cv–6527 LJO GSA, 2009 WL 1035221 (E.D.Cal. Apr.17, 2009) (approving minor's compromise for net amount of $10,618.23 in case involving death of minor plaintiff's step-father).

On the other end of the recovery, in *Cotton ex rel. McClure v. City of Eureka*, Cal., 2012 WL 6052519 at *1-2 (N.D. Cal. Dec. 5, 2012), the settlement for the child following the death of her father after an altercation with police officers was in the amount of $4,000,000.[1] The court approved the minor's compromise and, after awarding fees and costs, the net amount to be received by the child was $2,646,765.90. *Id.* The settlement in this matter is well within the range of similar recovery given the depth and strength of the relationship between Shaylene and Sheri Graves, where, based on the strength and depth of the relationship, the

---

[1] The settlement followed a jury verdict where the minor was awarded $4 million in compensatory damages. *Id.*

5

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

mother suffered a profound loss of love and companionship. (Graves Dec. ¶ 8, 9).

### b. THE AMOUNT OF ATTORNEYS' FEES IS REASONABLE

Local Rule 17-1.3 requires that "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 3723 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. California Rule of Court 3.1384 indicates that a petition for compromise of a minor's claim "must comply with [California Rules of Court] 7.950, 7.951, and 7.952." Cal. R. Ct. 3.1384.

### i. California Rule of Court 7.950

California Rule of Court 7.950 states that the petition "must contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise." Cal. R. Ct. 7.950. It also provides that the petition must "be verified by the petitioner" and "must be prepared on a fully completed Petition to Approve Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment for Minor or Person With a Disability (form MC-350)." Attached hereto as Exhibit D is a completed MC-350 form.

### ii. California Rule of Court 7.951

California Rule of Court 7.951 provides that if the petitioner is represented by counsel, the petition must disclose:

(1) The name, state bar number, law firm, if any, and business address of the attorney;

(2) Whether the attorney became involved with the petition, directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier;

(3) Whether the attorney represents or is employed by any other party or any insurance carrier involved in the matter;

(4) Whether the attorney has received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the

6

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**  
*Graves v. CDCR dba California Institution for Women, et al.*  
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.  
V. James DeSimone, Esq.  
Ryann E. Hall, Esq.

petition or with the preparation of the petition, and, if so, the amounts and the identity of the person who paid the fees or other compensation;

(5) If the attorney has not received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the petition or with the preparation of the petition, whether the attorney expects to receive any fees or other compensation for these services, and, if so, the amounts and the identity of the person who is expected to pay the fees or other compensation; and

(6) The terms of any agreement between the petitioner and the attorney.

This Petition fully complies with this rule. The cover page contains the state bar number, name, law firm and business address of ACH's attorneys. The attorneys did not become involved at the instance of any party against whom the claim is asserted or of any party's insurance carrier. (DeSimone Dec. ¶ 12) ACH's attorneys are not employed by any other party or any insurance carrier involved in this matter. (DeSimone Dec. ¶ 13) ACH attorneys have not received any compensation for services in connection herewith from any person. (DeSimone Dec. ¶ 14) ACH's counsel would receive 40% of the gross of all sums recovered in the matter, as per the retainer contingency fee agreement. (DeSimone Dec. ¶ 14).

### iii. California Rule of Court 7.952

California Rule of Court 7.952 requires that "[t]he person compromising the claim on behalf of the minor ... and the minor ... must attend the hearing on the compromise of the claim unless the court for good cause dispenses with their personal appearance." Cal. R. Ct. 7.952(a). The guardian ad litem will attend the hearing on the compromise of the claim. (DeSimone Dec. ¶ 11). ACH's father has not wanted ACH involved in this litigation due to potential trauma as the litigation pertains to the death of the child's mother. (DeSimone Dec. ¶ 15) Moreover, ACH lives in Texas, making his presence in a Los Angeles court burdensome. (DeSimone Dec. ¶ 16). Plaintiffs respectfully requests this Court find good cause to dispense with the minor's personal appearance.

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**  Lawrance A. Bohm, Esq.
*Graves v. CDCR dba California Institution for Women, et al.*  V. James DeSimone, Esq.
Case No.: 5:17-cv-01086-JGB-SP  Ryann E. Hall, Esq.

### iv. California Rule of Court 7.955

Although a court need not consider the amount of attorney's fees in determining whether a settlement is fair and reasonable to a minor, the court must also approve the amount of attorney's fees awarded. C.D. Cal. L.R. 17-1.4 ("In all actions involving the claim of a minor ..., whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees"). *See* A. G. v. Cty. of Los Angeles, No. CV 17-753-GW(AJWX), 2018 WL 5911569, at *4 (C.D. Cal. May 29, 2018)

Although, "[t]he amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and their counsel"… "the Court evaluates the request for attorney's fees by Plaintiffs' counsel in light of its special duty to safeguard the interests of litigants who are minors." *Pamela Brooks, et al., v. Premier Apartments, LLC*, (C.D. Cal., Dec. 31, 2019, No. 218CV07872VAPAFMX) 2019 WL 8754732, at *2.

The evaluation of the request for attorneys' fees is governed by California law. See C.D. Cal. L.R. 17-1.3 ("Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384."); *Mugglebee v. Allstate Ins. Co., No*. 14-CV-2474 JLS (JMA), 2018 WL 1410718, at *4 (S.D. Cal. Mar. 21, 2018) (concluding "[t]he *Robidoux* court did not mandate a specific standard to evaluate the reasonableness of attorney's fees" and applying California law to determine reasonableness of attorney's fees sought by minor plaintiff's counsel).

In determining whether the fee is reasonable, the Court may consider the following list of nonexclusive factors:

(1) The fact that a minor ... is involved and the circumstances of that minor
(2) The amount of the fee in proportion to the value of the services performed.
(3) The novelty and difficulty of the questions involved and the skill required to perform the legal services properly.
(4) The amount involved and the results obtained.

8

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.

Bohm Law Group, Inc.
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834

(5) The time limitations or constraints imposed by the representative of the minor ... or by the circumstances.
(6) The nature and length of the professional relationship between the attorney and the representative of the minor ....
(7) The experience, reputation, and ability of the attorney or attorneys performing the legal services.
(8) The time and labor required.
(9) The informed consent of the representative of the minor ... to the fee.
(10) The relative sophistication of the attorney and the representative of the minor
(11) The likelihood, if apparent to the representative of the minor ... when the representation agreement was made, that the attorney's acceptance of the particular employment would preclude other employment.
(12) Whether the fee is fixed, hourly, or contingent.
(13) If the fee is contingent:
   (A) The risk of loss borne by the attorney;
   (B) The amount of costs advanced by the attorney; and
   (C) The delay in payment of fees and reimbursement of costs paid by the attorney.
(14) Statutory requirements for representation agreements applicable to particular cases or claims.

Cal. R. Ct. 7.955(b).

A petition for approval of a minor's compromise must "include a declaration from the attorney that addresses the factors listed in [Rule 7.955] (b) that are applicable to the matter before the court." Cal. R. Ct. 7.955(c). Counsel has addressed the above factors in his declaration at paragraphs 17-44 describing the work performed in this heavily contested case. Accordingly, the Court should approve the amount of attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully requests the Court approve the compromise of minor's claim.

Date: December 10, 2021        By: _____
                                   LAWRANCE A. BOHM, ESQ.
                                   V. JAMES DESIMONE, ESQ.
                                   RYANN E. HALL, ESQ.

                                   Attorneys for Plaintiff,
                                   SHERI GRAVES

9

**Plaintiff's Petition for Order Approving Compromise of Minor's Claim; Memorandum of Points and Authorities**
*Graves v. CDCR dba California Institution for Women, et al.*
Case No.: 5:17-cv-01086-JGB-SP

Lawrance A. Bohm, Esq.
V. James DeSimone, Esq.
Ryann E. Hall, Esq.